UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

CARLA MOLINA, Administrator of The        )
Estate of KEVIN D. AGEE, JR., Deceased    )
540 East Avondale Avenue                  )
Youngstown, Ohio 44502                    )     CASE NO:
                                          )
    Plaintiff,                            )
                                          )
                                          )     JUDGE:
v.                                        )
                                          )
LAKE ERIE CORRECTIONAL                    )     **COMPLAINT**
INSTITUTION                               )
501 Thompson Road                         )     (Jury Demand Endorsed Hereon)
Conneaut, Ohio 44030                      )
                                          )
and                                       )
                                          )
CORECIVIC, INC.                           )
c/o Statutory Agent                       )
CT Corporation System                     )
4400 Easton Commons Way, Suite 125        )
Columbus, Ohio 43219                      )
                                          )
and                                       )
                                          )
CORRECTIONS CORPORATION OF                )
AMERICA                                   )
c/o Statutory Agent                       )
CT Corporation System                     )
4400 Easton Commons Way, Suite 125        )
Columbus, Ohio 43219                      )
                                          )
and                                       )
                                          )
CORECIVIC OF TENNESSEE, LLC.              )
c/o Statutory Agent                       )
CT Corporation System                     )
4400 Easton Commons Way, Suite 125        )
Columbus, Ohio 43219                      )
                                          )
                                          )
                                          )

1

and                                           )
)
DOUGLAS A. FENDER, WARDEN )
2576 Walnut Boulevard )
Ashtabula, Ohio 44004 )
(This individual is being sued in his individual )
and official capacity) )
)
and )
)
MISTY MACKEY, ACTING OR ASSISTANT )
WARDEN )
c/o Lake Erie Correctional Institution )
501 Thompson Road )
Conneaut, Ohio 44030 )
(This individual is being sued in her individual )
and official capacity) )
)
and )
)
SHANNON L. SWANSON, D.O. )
11638 Lucas Road )
East Springfield, PA 16411 )
(This individual is being sued in her individual )
and official capacity) )
)
and )
)
SHAWANDA DELISLE, R.N. )
5157 Caine Road )
Pierpont, Ohio 44082 )
(This individual is being sued in her individual )
and official capacity) )
)
and )
)
DEIDRE JONES, R.N. )
263 Roosevelt Drive )
Geneva, Ohio 44041 )
(This individual is being sued in her individual )
and official capacity) )
)
)
)

2

and )
 )
CYNITHA STEVENS-INGWER, R.N. )
3127 North Ridge Road, West )
Ashtabula, Ohio 44044 )
(This individual is being sued in her individual )
and official capacity) )
 )
and )
 )
CHRISTINE LUCE, R.N. )
680 Broad Street )
Conneaut, Ohio 44030 )
(This individual is being sued in her individual )
and official capacity) )
 )
and )
 )
CASSANDRA GILBERT, R.N. )
c/o LAKE ERIE CORRECTIONAL )
INSTITUTION )
501 Thompson Road )
Conneaut, Ohio 44030 )
(This individual is being sued in her individual )
and official capacity) )
 )
and )
 )
LINDA MULLINS, R.N. )
3826 State Road, South )
Ashtabula, Ohio 44004 )
(This individual is being sued in her individual )
and official capacity) )
 )
and )
 )
MATTHEW STITH, R.N. )
c/o LAKE ERIE CORRECTIONAL )
INSTITUTION )
501 Thompson Road )
Conneaut, Ohio 44030 )
(This individual is being sued in his individual )
and official capacity) )
 )

3

and                                                    )
                                                       )
KRISTY FREEMAN, R.N.                                    )
2540 Plymouth Gageville Road                            )
Ashtabula, Ohio 44004                                  )
(This individual is being sued in her individual       )
and official capacity)                                 )
                                                       )
and                                                    )
                                                       )
ANGELA SACKETT, R.N.                                    )
6248 Sanborn Road                                      )
Ashtabula, Ohio 44004                                  )
(This individual is being sued in her individual       )
and official capacity)                                 )
                                                       )
and                                                    )
                                                       )
LINDA K. WITT, R.N., HEALTH SERVICES                    )
ADMINISTRATOR                                           )
246 John Avenue                                        )
Conneaut, Ohio 44030                                   )
(This individual is being sued in her individual       )
and official capacity)                                 )
                                                       )
        Defendants.                                    )
                                                       )

Now comes Plaintiff Carla Molina, Administrator of the Estate of Kevin D. Agee, Jr., by and through undersigned counsel, and for her Complaint against the above-named Defendants, states and avers as follows:

**<u>INTRODUCTION</u>**

1.      This is a civil rights action stemming from an incident and/or failure to provide medical care that occurred at the Lake Erie Correctional Institution in December of 2022 and January of 2023 wherein employees, agents, or representatives of Lake Erie

4

Correctional Institution and/or their medical providers and/or corrections officers failed to provide appropriate and constitutionally required medical care and treatment in violation of an inmate's Eighth Amendment rights. The decedent inmate Plaintiff herein also seeks redress for other federal and state law claims, including but not limited to inadequate medical care.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's claims under Title 42 U.S.C. § 1983, *et seq.* of the United States Code for violation of Plaintiff's decedent's right to be free from cruel and unusual punishment under the protection of the Eighth Amendment and the Fourteenth Amendment to the United States Constitution; 28 U.S.C. § 1367; Judicial Code, 28 U.S.C. §§ 1331, 1343(a) and 1391. The events in support of Plaintiff's claims, and as set forth in Plaintiff's Complaint, all took place within the jurisdiction of the United States District Court for the Northern District of Ohio such that venue is proper pursuant to 28 U.S.C.A. § 1391(b).

3.     Plaintiff asserts a § 1983 claim against Defendants for failure to properly train and/or supervise their corrections officer and medical staff, and for promulgating customs, policies and/or procedures which proximately caused the violation of Plaintiff's federal Constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978).

4.     Plaintiff also asserts Ohio state common law claims for medical malpractice and negligent hiring, training and supervision, and *respondeat superior.* This Court has pendent and supplemental jurisdiction over Plaintiff's state law claims.

## PARTIES

5.     At all relevant times, Plaintiff Carla Molina ("Plaintiff") is the duly appointed Executor of the Estate of Kevin Agee, Jr. ("Decedent") (*See Estate of Kevin Agee, Jr.* Mahoning County Court of Common Pleas, Probate Division, Case No. 2023 ES 00057) and brings this action for Medical Malpractice, survival, and pursuant to the State of Ohio's Wrongful Death and Survival Statutes, R.C. 2125.01 *et seq.* and R.C. 2305.21, for the benefit of Decedent's heirs, beneficiaries, and next of kin, who have suffered a loss of support, services, attention, and guidance, and who have endured mental anguish and have been otherwise damaged by the wrongful and untimely death of Kevin Agee on January 4, 2023, at the age of 37.

6.     At all times material, Defendant Lake Erie Correctional Institution ("LECI") was and is a privately owned and operated and/or non-governmental correctional center and/or prison located at 501 Thompson Road, Conneaut, Ohio 44030, and at all times material held itself out as a provider of medical care including to Decedent. It is the place and/or location where Decedent was detained and under the complete control of Defendants herein from on or about May 30, 2012 to the time of his death on January 4, 2023. It was affiliated with and/or operated or controlled and/or operated as a joint venture with all of Defendants herein.

7.     At all times material, Defendant CoreCivic, Inc. ("CoreCivic") was and is a corporation and/or other legal entity duly organized and existing pursuant to the laws of the State of Ohio, which operates correctional centers and/or jails and health care facilities within those correctional centers and/or prisons, including the Lake Erie Correctional

Institution ("LECI") located in Ashtabula County, Ohio, at 501 Thompson Road, Conneaut, Ohio 44030 and which holds itself out as a provider of medical care services to those detained therein and has a responsibility to provide medical care to those detained therein, including Decedent. CoreCivic owned operated or otherwise controlled LECI and is responsible for the actions and/or inactions there that lead to Decedent's death.

8. At all times material, Defendant CoreCivic of Tennessee, LLC ("LLC") was and is a corporation and/or other legal entity duly organized and existing pursuant to the laws of the State of Ohio that operates correctional centers and/or jails and health care facilities within those correctional centers and/or prisons, including the Lake Erie Correctional Institution ("LECI") located in Ashtabula County, Ohio, at 501 Thompson Road, Conneaut, Ohio 44030 and which holds itself out as a provider of medical care services to those detained therein and has a responsibility to provide medical care to those detained therein, including Decedent. LLC owned operated or otherwise controlled LECI and is responsible for the actions and/or inactions there that lead to Decedent's death.

9. At all times material, Defendant Corrections Corporation of America "CCA") was and is a corporation and/or other legal entity duly organized and existing pursuant to the laws of the State of Ohio that operates correctional centers and/or jails and health care facilities within those correctional centers and/or prisons, including the Lake Erie Correctional Institution ("LECI") located in Ashtabula County, Ohio, at 501 Thompson Road, Conneaut, Ohio 44030 and which holds itself out as a provider of medical care services to those detained therein and has a responsibility to provide medical care to those detained therein, including Decedent. CCA owned and/or operated or otherwise

controlled LECI and is responsible for the actions and/or inactions there that lead to Decedent's death.

10.     At all times material, Defendants LECI, CoreCivic, LLC and CCA employed the individual physicians, corrections officers, wardens, and/or other health care or and/or corrections providers or employees named herein, and which held themselves out as providers of medical care services to the public, including Decedent.

11.     At all times material, Defendants LECI, CoreCivic, LLC and CCA, employed and/or contracted with physicians, nurses, corrections officers, wardens and/or other medical care or corrections providers, including but not limited to the individual defendants listed herein, who provided medical care to Decedent, and in so doing, said physicians, nurses, and other medical care providers were acting within the course and scope of the duties of their employment and/or agency relationship with Defendants LECI, CoreCivic, LLC and CCA, such that said Defendants are liable for their conduct pursuant to the doctrine of *respondeat superior*.

12.     All Defendants acted in concert or as a joint venture in order to offer their services and/or medical services such that they are all liable for each other's conduct.

13.     At all times material, all the medical care and services that were provided to Decedent that are the subject of this Complaint were understood by Plaintiff and Decedent to be provided by Defendants LECI, CoreCivic, LLC and CCA and took place at facilities owned and/or operated by said Defendants. Said Defendants represented to patients, including Plaintiff and Decedent, their employees were providing care to the patients / inmates, not independent contractors.  If medical care and services were provided

by an individual not named as a defendant herein, and that care was negligent and below the standard of care Plaintiff and Decedent understood, and there was no indication to the contrary herein, then those medical care and services were provided by Defendants LECI, CoreCivic, LLC and CCA.

14.     At all times material, Defendant Douglas Fender ("Fender") was and is the Warden with responsibilities for LECI.  At all times relevant to the allegations made in this Complaint, Fender was acting in his official capacity within the scope of his employment under color of law and is responsible for the policies, practices, and customs of LECI. Fender has final policymaking authority over policies, practices, and customs of LECI. He is sued in his individual and official capacities. He is personally responsible for the unconstitutional acts committed upon decedent that directly or indirectly contributed to the injuries suffered by decedent because he was personally involved. He himself acted with deliberate indifference to Decedent and encouraged, authorized, approved, or knowingly acquiesced to the constitutional violations that lead to Decedent's and Plaintiff's damages.

15.     At all times material, Defendant Misty Mackey ("Mackey") was and/or is the Deputy Warden and/or Acting Warden with responsibilities for LECI.  At all times relevant to the allegations made in this Complaint, Mackey was acting in her official capacity within the scope of her employment under color of law and is responsible for the policies, practices, and customs at LECI. Mackey has final policymaking authority over policies, practices, and customs of LECI. She is sued in her individual and official capacities. She is personally responsible for the unconstitutional acts committed upon decedent that directly or indirectly contributed to the injuries suffered by Decedent because

she was personally involved. She acted with deliberate indifference to Decedent and encouraged, authorized, approved, or knowingly acquiesced to the constitutional violations that lead to Decedent's and Plaintiff's damages.

16. At all times material, Defendant Shannon L. Swanson, D.O. was and is a physician duly licensed and practicing medicine in the State of Ohio and was the Administrator of Medicine and/or Medical Director at LECI. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA and was acting in the scope of and in furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a physician patient relationship with Decedent.

17. At all times material, Defendant Shawanda Delisle, R.N. was and is a registered nurse licensed and practicing medicine in the State of Ohio. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA, and was acting in the scope of and in furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a nurse patient relationship with Decedent.

18. At all times material, Defendant Diedre Jones, R.N. was and is a registered nurse licensed and practicing nursing in the State of Ohio. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee

and/or agent of LECI, CoreCivic, LLC and CCA, and was acting in the scope of and in furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a nurse patient relationship with Decedent.

19.     At all times material, Defendant Cynthia Stevens-Ingwer, R.N. was and is a registered nurse licensed and practicing nursing in the State of Ohio. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA, and was acting in the scope of and in furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a nurse patient relationship with Decedent.

20.     At all times material, Defendant Christine Luce, R.N. was and is a registered nurse licensed and practicing nursing in the State of Ohio. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA, and was acting in the scope of and in furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a nurse patient relationship with Decedent.

21.     At all times material, Defendant Cassandra Gilbert, R.N. was and is a registered nurse licensed and practicing nursing in the State of Ohio. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA, and was acting in the scope of

and in furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a nurse patient relationship with Decedent.

22.     At all times material, Defendant Linda Mullins, R.N. was and is a registered nurse licensed and practicing nursing in the State of Ohio. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA, and was acting in the scope of and in furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a nurse patient relationship with Decedent.

23.     At all times material, Defendant Matthew Stith, R.N. was and is a registered nurse licensed and practicing nursing in the State of Ohio. Said Defendant held himself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA, and was acting in the scope of and in furtherance of his employer's/principal's business at all times relevant to this lawsuit.  He was also acting on his own behalf and in a nurse patient relationship with Decedent.

24.     At all times material, Defendant Kristy Freeman, R.N. was and is a registered nurse licensed and practicing nursing in the State of Ohio. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA and was acting in the scope of and in

furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a nurse patient relationship with Decedent.

25.     At all times material, Defendant Angela Sackett, R.N. was and is a registered nurse licensed and practicing nursing in the State of Ohio. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA, and was acting in the scope of and in furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a nurse patient relationship with Decedent.

26.     At all times material, Defendant Linda Witt, R.N. was and is a registered nurse licensed and practicing nursing in the State of Ohio and the Health Services Administrator at LECI. Said Defendant held herself out to the public, including Plaintiff and Decedent, as having the requisite knowledge, skill, and training necessary to render quality medical care. Said Defendant is and/or was an employee and/or agent of LECI, CoreCivic, LLC and CCA, and was acting in the scope of and in furtherance of her employer's/principal's business at all times relevant to this lawsuit. She was also acting on her own behalf and in a nurse patient relationship with Decedent.

27.     All individually named Defendants herein are "persons" subject to being sued pursuant to 42 U.S.C. 1983.

28.     This action is brought pursuant to claims arising under the laws of the State of Ohio and the Eighth and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983 as to the conduct brought under color of state law.

This action is also brought pursuant to 28 U.S.C. §§ 1983, 1985 and 1988 as it is also an action for compensatory damages, punitive damages, and attorney fees.

29. At all times material, all Defendants herein deprived Decedent of constitutional rights and they are responsible because the deprivation stemmed from official policies and customs such that they are liable pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

30. Plaintiff seeks relief for, amongst other things, violation of Decedent's rights secured and guaranteed by Title 42, Section 1983 of the United States Code ("U.S.C."), the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution, the laws of the United States including Due Process of law, and the laws of the State of Ohio and/or including pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## STATEMENT OF FACTS

31. Decedent was in the complete custody and control of all Defendants, and all Defendants had duties and obligations to provide him medical care within the standard of care and did provide him with medical care and treatment from on or about May 30, 2012 to the time of his death on January 4, 2023. Unfortunately, that medical care was below the standard of care and caused his death.

32. On or about May 30, 2012, Decedent was sentenced and transferred to LECI and the custody of all Defendants herein. LECI and all Defendants had access to Decedent's past medical records and history that included diabetes. All Defendants knew that upon Decedent's arrival on May 30, 2012, he required several medications including

insulin and regimented meals to prevent illness and medical emergencies. Decedent had no way of receiving the medications including insulin, regimented meals or other medical care but through Defendants herein, who had a duty and obligation to provide said medications, regimented meals and/or medical care to Decedent. All Defendants failed to provide the insulin, regular meals and/or other required and necessary medical care, leading to Decedent's death on January 4, 2023.

33.     Although all Defendants already knew Decedent needed the medications including insulin, regimented meals and/or other medical care, they failed to provide the same to Decedent despite Decedent's repeated requests and/or repeated indications to Defendants that he was suffering a medical emergency and/or required emergent medical care, causing Decedent's death.

34.     On or about December 28, 2023, Decedent began complaining to Defendants that he was ill and required medical treatment, however, Defendants took no action and did not provide appropriate medical care, including having Decedent assessed by Defendant Swanson.

35.     On December 31, 2023, Defendants, individually and/or collectively or by and through their employees acting in the course and scope of their employment, were directly notified that Decedent refused to eat, which should have resulted in Decedent's immediate transfer to an outside hospital or other medical facility for additional care and treatment, and which Defendants knew or should have known would result in a medical emergency to Decedent, including due to his diabetic condition of which Defendants were aware. However, Defendants negligently and deliberately failed to properly medically treat

15

Decedent by providing emergency medical care or transfer to an outside medical facility, thereby causing his death on January 4, 2023.

36.     On December 31, 2023, Decedent reported to all Defendants that he was suffering a medical emergency, and Defendants assessed Decedent's vitals at 6:58 a.m., which evidenced Decedent was suffering from an infection and/or sepsis, and Decedent was admitted to the Infirmary for possible flu.

37.     On December 31, 2023, after Decedent was admitted to the Infirmary, Defendants again assessed Decedent's vitals, which revealed he was suffering from an infection and/or was septic including a fever of 102.4. However, Defendants again failed to provide any further medical care, Defendant Swanson failed to personally assess Decedent, and Decedent's condition was allowed to deteriorate, causing his death on January 4, 2023.

38.     At 5:00 a.m. the next day, January 1, 2023, Defendants again assessed Decedent's vitals, which again revealed he was suffering from an infection and/or was septic, including a fever of 103.1. However, Defendants again failed to provide any further medical care, Defendant Swanson failed to personally assess Decedent, and Decedent's condition was allowed to deteriorate, causing his death on January 4, 2023.

39.     At 7:45 a.m. on January 1, 2023, Decedent was again assessed and finally at 8:00 a.m. Defendant Swanson was notified and telephonically ordered Decedent to be transported to an outside medical facility. Upon admission the outside medical facility, Decedent was diagnosed with an infection and/or sepsis and provided antibiotics and other

medical treatment, however, it was too late due to Defendants' failure to provide appropriate and timely medical care, and Decedent expired on January 4, 2023.

40.     All Defendants were negligent and fell below the standard of care in failing to provide medication, evaluate, and treat Decedent, and as a direct and proximate result, Decedent suffered and died on January 4, 2023.

41.     All Defendants were ordinarily negligent, and as a direct and proximate result, Decedent suffered and died on January 4, 2023.

42.     All Defendants acted in a willful, wanton, and/or reckless manner, and as a direct and proximate result, Decedent suffered and died on January 4, 2023.

43.     All Defendants failed to provide safe medical, diagnostic, and preventative care to Plaintiff's Decedent, and as a direct and proximate result, Decedent suffered and died on January 4, 2023.

44.     All Defendants had a duty to provide safe and timely medical care to and to be reasonably careful when providing medical care and treatment to Decedent and all Defendants failed.

45.     All Defendants had a duty to avoid causing injury to Decedent during his time at LECI and had a duty to prevent avoidable harm to Decedent.

46.     All Defendants, jointly and/or severally, themselves and/or by and through their employees and/or agents, failed to properly provide appropriate emergency care, failed to recognize and treat Decedent's condition, and failed to provide appropriate emergency medical services and measures at a time when such medical care, treatment, and attention was required.

47.     All Defendants, jointly and/or severally, were negligent in their care and treatment of Decedent by, *inter alia*, negligently evaluating and caring for Decedent who presented with signs and symptoms requiring medication, evaluation, and treatment.

48.     Defendants LECI, CoreCivic, LLC and CCA were negligent in failing to employ and/or contract with individuals who could and would treat Decedent with the same level of care that other reasonably careful medical providers and physicians would provide under the same circumstances.

49.     Defendants LECI, CoreCivic, LLC and CCA themselves and/or through their employees and/or agents, including but not limited to those listed herein, failed to properly provide medical services, failed to provide appropriate staffing, and failed to have proper protocols and policies in place.

50.     Defendants LECI, CoreCivic, LLC and CCA were negligent in failing to employ individuals who could and would treat Decedent in accordance with accepted practices of health care facilities.

51.     Defendants LECI, CoreCivic, LLC and CCA negligently failed to establish appropriate standards for physicians, nurses, aides, and/or other medical providers who were employed by and/or were in a contractual relationship with said Defendants to provide medical care to detainees at LECI.

52.     As a direct result of the negligence, deliberate indifference, carelessness and malicious actions of all Defendants, Decedent's life-threatening infectious disease and medical condition was not timely diagnosed or treated until it was too late, directly causing his death on January 4, 2023.

53.     All Defendants were fully aware or should have been fully aware that detainees and/or inmates like Decedent are entitled to medical care and their medication. They have long been on notice and the problems they had at LECI a due to lack of medical care.

54.     Defendants' policies, procedures, and training were not adequate and constitutionally deficient when it came to the serious medical needs of Decedent.  They knew this but acted with deliberate indifference.

55.     As a direct and proximate result of the collective and/or individual negligence of all Defendants, jointly and/or severally, by themselves and/or through their employees and/or agents, Decedent was not provided proper medical treatment commensurate with the requisite standard of care, and suffered injuries and damages including, but not limited to his untimely death at the age of 37.

## FIRST CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983 Against all Defendants in their individual Capacity for Failure to Supervise, Train, and Take Corrective Measures Causing Constitutional Violations of the Eighth and Fourteenth Amendments.)**

56.     Plaintiff restates and incorporates the previous paragraphs by reference as if fully rewritten herein. dent was a citizen of the United States.

57.     At all times material Decedent had serious medical needs that were known and/or should have been known to all Defendants.

58.     At all times material, all Defendants were acting under color of state law in their various roles.

59.     All Defendants knew of a custom, propensity, and pattern at times relevant to the allegations herein, as described above, that among corrections officers and medical staff there was a pattern for failing and/or refusing to provide prompt and competent access to and delivery of medical assessment, evaluation, care, intervention, referral, and treatment to detainees, including Decedent. All Defendants disregarded this knowledge, or failure and/or refusal to adequately investigate and discover and correct such customs and propensities, proximately caused the violation of the Constitutional rights of Decedent as alleged herein.

60.     Plaintiff is informed and believes and thereon alleges that prior to the incident alleged herein, all Defendants and other nursing staff, deputies, officers, employees, agents, medical directors, medical and mental providers, and doctors, acting under their authority as officers and/or within the course and scope of their employment, committed similar acts of failure to provide appropriate medical care.

61.     Plaintiff is informed and believes and thereon alleges that all Defendants knew, or should have known, of their pattern or practice of unconstitutional violations, or the existence of facts, practices, customs and/or habits, which create the strong potential for unconstitutional acts, and all Defendants had a duty to supervise, train, and instruct their subordinates to prevent similar acts to other detainees, including Decedent, but failed and/or refused to take reasonable and necessary steps to properly supervise, train, instruct, or investigate officers, physicians, nurses, medical and mental health personnel and as a direct and proximate result, Decedent was harmed and suffered death in the manner cause by the patterns or practices.

62.     At all times relevant, all Defendants had the duty:

a.     To train, supervise, and instruct deputies, officers, nurses, physicians, medical and mental health personnel, and other agents and employees to ensure that they respected and did not violate federal Constitutional and statutory rights of detainees with regard to providing necessary medical care and the reasonable and appropriate use of force;

b.     To objectively investigate incidents of in-custody injury, deaths, inadequate classifications and contraindicated housing, denials of prescription medications, and incidents of in-custody use of excessive force and uses of contraindicated force, and to take necessary remedial action;

c.     To provide access to and delivery of timely competent medical and mental health assessment, evaluation, intervention, referral, care, treatment, follow-up, and attention to medically and/or mentally ill detainees;

d.     To monitor the medical and mental health care and treatment provided to mentally and physically ill detainees;

e.     To monitor and periodically review the adequacy of medical and custodial staffing to ensure adequacy of medical and mental health care, treatment, intervention, referral, and attention rendered to mentally and physically ill detainees;

f.     To monitor and periodically review the classification and housing of mentally and physically ill detainees to ensure they are properly classified and housed;

g.     To comply with the statutory guidelines and the standard of care protecting detainees and/or custodial setting;

h.      To adequately discipline and establish reasonable procedures to document and correct past violations, and to prevent future violations of Constitutional right of detainees, by not condoning, ratifying and/or encouraging the violation of Decedent's and other detainees' constitutional rights; and

i.      To adequately and periodically train custodial and medical and mental health staff on understanding, recognizing, reporting and responding to issues of physical and mental health episodes/symptoms of detainees.

63.     All Defendants acted with deliberate indifference towards inmates by:

a.      Failing and/or refusing to train, supervise, and instruct deputies, officers, nurses, physicians, medical and mental health personnel, and other employees, on the violations of the Constitutional rights of Decedent and other detainees;

b.      Failing and/or refusing to objectively investigate in-custody injury, deaths, inadequate classifications and contraindicated housing, denials of prescription medications, and incidents of in-custody use of excessive force and uses of contraindicated force, and failing and/or refusing to take necessary remedial action;

c.      Failing and/or refusing to provide timely competent medical and mental health assessment, evaluation, care, treatment, referral, and intervention for mentally and physically ill detainees, which resulted in serious injury or death;

d.      Failing and/or refusing to monitor a detainee's medical and mental health condition, which resulted in serious injury or death;

e.      Failing and/or refusing to monitor and periodically review the quality of medical and mental health assessment, evaluation, care, treatment, referral, and intervention provided to mentally and physically ill detainees;

f.      Failing and/or refusing to monitor and periodically review the timelines and adequacy of medical and mental health assessment, evaluation, care, treatment, referral, and intervention rendered to mentally and physically ill detainees;

g.      Failing and/or refusing to monitor and periodically review the classification of detainees to ensure they are properly housed;

h.      Failing and/or refusing to comply with the statutory guidelines and the standards of care protecting detainees and/or in the custodial setting;

i.      Failing and/or refusing to adequately discipline and establish reasonable procedures to document and correct past violations, chaining inmates to the floor and to prevent future violations of Constitutional rights of detainees by not condoning, ratifying, and/or encouraging the violation of Decedent's and other detainees' constitutional rights;

j.      Failing and/or refusing to adequately and periodically train custodial and medical and mental health staff on understanding, recognizing, reporting, and responding to issues of physical and mental health episodes/symptoms of detainees; and

k.      Overseeing, supervising, authorizing, approving of and/or ratifying the medical and mental health care and access thereto provided and not provided to Decedent.

64.      All Defendants are personally responsible for the unconstitutional acts committed upon Decedent that directly or indirectly contributed to the injuries suffered by Decedent because they were personally involved. They themselves acted with deliberate

indifference to Decedent. Moreover, they encouraged, authorized, approved, or knowingly acquiesced to the constitutional violations that lead to Decedent's death and Plaintiffs' damages.

65.     As a direct and proximate result of the conduct of all Defendants they caused Decedent to be forced to endure and suffer extreme physical, mental and emotional pain and suffering, death, and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earning and/or benefits.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants in their individual and official capacity and/or against the County, for:

a.     Compensatory damages in an amount in excess of the jurisdictional limit of $75,000 that will fully and fairly compensate Plaintiff, the Estate, and Decedent's next of kin;

b.     Costs of suit and reasonable attorney's fees pursuant to 42 U.S.C § 1988; and;

c.     All such relief which the Court deems appropriate.

## SECOND CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983 Against all Defendants in their official and individual capacity, for Custom, Policy, failure to train employees or Practice Causing Constitutional Violations of the Eighth and Fourteenth Amendments, a Monell Claim pursuant to _Monell v. Dept. of Soc. Servs._, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).**

66.     Plaintiff restates and incorporates the previous paragraphs by reference as if fully rewritten herein.

67.     At all times material, the Defendants promulgated and maintained a de facto unconstitutional custom, policy, or practice of permitting, ignoring, and condoning and/or encouraging officers, deputies, nurses, physicians, medical and mental health personnel, and other employees and agents to participate and/or acquiesce  in the denial of medical care to detainees, including Decedent, all of which shocks the conscience and offends traditional notions of decency, including, but not limited to:

a.      The use of knowing denial of mental health and medical care, and conduct purely for punitive purposes;

b.      The failure and/or refusal to provide timely and adequate mental health and medical evaluations of detainees, including Decedent; and

c.      The failure and/or refusal to provide timely and adequate medical and mental health assessment, evaluation, intervention, referral, treatment, and care as described herein.

d.      The failure to train employees on the proper provision of medical treatment and/or psychological treatment and suicide prevention.

68.     These customs, policies and/or practices were the direct and proximate cause of the Constitutional violations visited upon, and the injuries and death of Decedent. All Defendants acted in accordance with these customs, policies, or practices used excessive, unreasonable, outrageous and impermissible denial of medical treatment and/or otherwise acted in a manner that shocks the conscience and offends traditional notions of decency, which amounts to deliberate indifference and a substantial contributing factor to Decedent's death.

69. At all times relevant, the policies, customs and/or procedures referenced in this Complaint were facially and/or de facto violative of the clearly established and known rights of detainees at LECI, including Decedent, and their implementation constitutes deliberate indifference to and/or reckless and callous disregard for the Constitutional rights of detainees, secured by the Eighth and Fourteenth Amendment of the United States Constitution, including the right to due process of law, life, liberty, and to be free from excessive and unreasonable uses of force, and to be free from cruel and unusual punishment which shook the conscience and offend traditional notions of decency.

70. At all times relevant, the policies, customs and/or procedures referenced in this Complaint were applied in such a manner and known by all Defendants to be applied in such a manner, that violations of the Constitutional rights of detainees were substantially certain to, and did, occur. Furthermore, the application and/or misapplication of these policies, practices, and/ or procedures amount to violations of the Constitutional rights of Decedent, secured by the Eighth and Fourteenth Amendments to the United States Constitution, including the right to due process of law, life, liberty, and to be free from excessive and unreasonable uses of force and from cruel and unusual punishment which shook the conscience and offend traditional notions of decency.

71. Defendants failed to train its employees, including corrections officers and nursing staff, regarding policies and procedures related to obtaining medical evaluation and treatment for inmates that have obvious medical needs in an emergent and/or timely manner. This constitutes deliberate indifference and was a substantial contributing factor in the death of Decedent.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, for:

a.      Compensatory damages in an amount in excess of the jurisdictional limit of $75,000 that will fully and fairly compensate Plaintiff, the Estate, and Decedent's next of kin for their injury, damage, and loss;

b.      Costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and;

c.      All such other relief which the Court deems appropriate.

## THIRD CLAIM FOR RELIEF

**(Violation of 42 U.S.C. § 1983 Against all Defendants for excessive force, cruel and unusual punishment and for failure to provide reasonably adequate medical care in Violation of the Eighth and Fourteenth Amendments.)**

72.      Plaintiff restates and incorporates the previous paragraphs by reference as if fully rewritten herein.

73.      Decedent was a citizen of the United States.

74.      At all times material, Decedent had serious medical needs that was known to all Defendants.

75.      At all times material, all Defendants were acting under color of state law.

76.      Decedent had a serious medical need, yet this was deliberately ignored, and no further action was taken to assess this risk or prevent his death.  All Defendants are personally responsible for the unconstitutional acts committed upon Decedent that directly or indirectly contributed to the injuries suffered by Decedent because they were personally involved.  They themselves acted with deliberate indifference to Decedent as is evidenced by, *inter alia*, chaining Decedent to the floor when he was in need of medical treatment

and by ignoring his calls for medical care. Moreover, they encouraged, authorized, approved, or knowingly acquiesced to the constitutional violations that lead to Decedent's damages.

77.     The acts and omissions of all including, but not limited to, with deliberate indifference ignoring the complaint of Decedent and knowingly depriving Decedent of the medical care needs while confined, neglecting his cries for help, using excessive force participating in the forgoing acts and omissions, ordering, authorizing, directing, supervising, approving and/or ratifying the foregoing acts and omissions, and acquiescing, failing and/or refusing to prevent the foregoing acts and omissions, constitute conduct under the color of state law which deprived Decedent of his clearly established and known rights, privileges, and immunities secured by the Constitution and laws of the United States.

78.     As a direct and proximate result of the foregoing conduct, all Defendants deprived Decedent of his clearly established and known rights under the Eighth and Fourteenth Amendments of the United States Constitution. More specifically, all Defendants violated (1) his right to be free from a deprivation of life and liberty without due process of law; and (2) his right to be provided with adequate medical care and to free from the use of excessive, outrageous, and unreasonable and excessive force, which shocks the conscience and offends traditional notions of decency.

79.     As a direct and proximate result of all Defendants violations of Decedent's Constitutional rights, which resulted in his wrongful and untimely death, Decedent was forced to endure and suffer extreme physical, mental, and emotional pain and suffering,

death, and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earning and/or benefits.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, for:

a.      Compensatory damages in an amount in excess of the jurisdictional limit of $75,000 that will fully and fairly compensate Plaintiff, the Estate and Decedent's next of kin; for their injury, damage, and loss;

b.      Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c.      Costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

d.      All such other relief which the Court deems appropriate.

## <u>FOURTH CLAIM FOR RELIEF</u>

### (Medical Malpractice)

80.      Plaintiff restates and incorporates the previous paragraphs by reference as if fully rewritten herein.

81.      All Defendants had a duty to provide thorough medical care to Decedent including but not limited to testing, treatment and diagnoses but failed to do so.

82.      Defendants were practicing medicine and/or nursing care without a license.

83.      Defendants who evaluated, saw, and treated Decedent did not properly assess and/or evaluate his serious risk, and in fact, ignored his serious risk, which conduct was negligent and below the standard of care.

84.      As a result of the failures and negligence, Decedent died.

85.     During all of the times alleged herein Decedent was receiving and/or supposed to be receiving medical treatment from Defendants, said care, treatment, monitoring, and/or services provided to Decedent was negligent and below the standard of care.

86.     All Defendants were negligent in failing to employ and/or contract with individuals who could and would treat Decedent with the same level of care that other reasonably careful medical providers and physicians would provide under the same circumstances.

87.     All Defendants, themselves and/or through their employees and/or agents, including but not limited to the individual physician Defendant Swanson, failed to properly provide medical services, diagnose Decedent's infection, timely transport Decedent to the hospital, timely use the chain of command to get Decedent emergent medical treatment, by a refusal to provide basic medical care, failed to provide appropriate staffing, and failed to have proper protocols and policies in place.

88.     All Defendants were negligent in failing to employ individuals who could and would treat Decedent in accordance with accepted practices of health care facilities.

89.     All Defendants failed to establish appropriate standards for physicians, nurses, aides, and/or other medical providers who were employed by and/or were in a contractual relationship with LECI and the nurses and medical staff to provide medical care to inmates.

90. All Defendants negligently failed to establish appropriate standards for physicians, nurses, aides, and/or other medical providers who were employed by and/or were in a contractual relationship with LECI to provide medical care to inmates.

91. As a direct and proximate result of the collective and/or individual negligence of all Defendants, jointly and/or severally, by themselves and/or through their employees and/or agents, Decedent was not provided proper medical testing and/or evaluation commensurate with the requisite standard of care and has suffered damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for:

a. Compensatory damages in an amount in excess of the jurisdictional limit of $75,000 that will fully and fairly compensate Plaintiff, the Estate and Decedent's next of kin;

b. costs of suit and reasonable attorney's fees pursuant to 42 U.S.C § 1988; and

c. All such relief which the Court deems appropriate.

Respectfully submitted,

*/s/ Thomas D. Robenalt*

Thomas D. Robenalt (0055960)
Shaun E. Young (0079284)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Rd., Ste. 103
Westlake, Ohio 44145
Phone: 216-223-7535
Fax: 216-307-2352
Email: trobenalt@robenaltlaw.com
        syoung@robenaltlaw.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.

*/s/ Thomas D. Robenalt*

_____

Thomas D. Robenalt (0055960)
Shaun E. Young (0079284)
**THE ROBENALT LAW FIRM, INC.**

*Attorneys for Plaintiff*